IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC WAYNE LOMAX,<br>　　　　Plaintiff | )<br>)<br>) | Civil Action No. 10-218 Erie |
| v. | )<br>) | |
| ERIE POLICE CHIEF, et al.,<br>　　　　Defendants. | )<br>)<br>) | District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.　　RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants Erie Police Chief, Officer Dacus, and City of Erie Police Dept. [ECF No. 9] be granted.

It is further recommended that, pursuant to the authority granted to courts by the Prison Litigation Reform Act, Plaintiff's claims against Defendant Officer Donald D. be dismissed as untimely.

**II.　　REPORT**

　　**A.　　Relevant Procedural History**

Plaintiff Eric Wayne Lomax initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, on September 2, 2010. Named as Defendants are: Erie Police Chief, Officer Dacus, Officer Donald D., and City of Erie Police Dept. In his Complaint, Plaintiff alleges that he was falsely arrested and imprisoned in violation of his rights under the fourth, eighth, and fourteenth amendments to the United States Constitution. (See ECF No. 3, Complaint, at Section III). Plaintiff also appears to be alleging a state law claim of false imprisonment. (Id.).

Defendants Erie Police Chief, Officer Dacus, and City of Erie Police Dept. have filed a motion to dismiss complaint [ECF No. 9] contending that the applicable two-year statute of limitations bars all of Plaintiff's constitutional and state law claims, because they arose more than

two years prior to the date Plaintiff initiated this action.[1]  Plaintiff has filed a brief in opposition to Defendants' motion.  This matter is now ripe for consideration.

### B. Relevant Factual History

Plaintiff alleges that on July 5, 2007, he was visiting friends at 654 East 11th Street in Erie, Pennsylvania, when the police "broke in" his friends' house, pointed their weapons, and yelled at everyone to "give up the drugs." (ECF No. 3, Complaint, at Section IV.C).  Defendant Officers Dacus and Donald D. then began "searching people and letting them leave." (Id.).  The officers then approached Plaintiff "with something in their hand [sic] trying to say they were [his] drugs." (Id.).  Although Plaintiff told the officers the drugs were not his and that he was just visiting, he was arrested and "charged with the drugs," while "everyone else was let go." (Id.).  Plaintiff was subsequently found not guilty of all charges after a jury trial on or about April 11, 2008. (Id.).

### C. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

---

[1] According to the docket entries in this case, Defendant Officer Donald D. has never been served with the complaint in this matter, nor has an attorney entered an appearance on his behalf.

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the *Twombly/Iqbal/Phillips* line of cases, as follows:
> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>
> * * *
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show"

3

> such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### D.  DISCUSSION
#### 1.  Statute of Limitations

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims. Samerica Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998)(internal citations omitted). Thus, based on Pennsylvania's applicable statute of limitations, a § 1983 claim must be filed no later than two years from the date of the alleged violation. See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir.(Pa.) 1996). Similarly, pursuant to Pennsylvania's applicable statute of limitations, claims based upon false arrest and false imprisonment must be filed no later than two years from the date of the alleged incident. See 42 Pa.C.S. § 5524. In this case, Plaintiff's complaint was received by the Clerk of Courts, along with a motion for leave to proceed *in forma pauperis,* on September 2, 2010. [ECF No. 1]. Thus, any claims raised by Plaintiff arising from events that occurred prior to September 2, 2008, are barred by the applicable statutes of limitations and should be dismissed.

As noted by Defendants, Plaintiff's claims accrued no later than April 11, 2008, the date he was acquitted of the drug charges at issue. As a result, all of Plaintiff's claims against Defendants arise from events that occurred well before September 2, 2008, and, thus, fall outside the two- year limitations period. Accordingly, Plaintiff's claims against Defendants Erie

4

Police Chief, Officer Dacus, and City of Erie Police Dept. should be dismissed as untimely.[2]

### 2. **The Prison Litigation Reform Act**

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

---

[2] In his opposition brief, Plaintiff argues that he was "only recently made aware of the fact that his constitutional rights were violated," because he was repeatedly "denied access to any and all documentation concerning his case" by the Erie County Clerk of Court." (ECF 15, pp. 1, 6). This attempted justification for filing untimely claims falls on deaf ears, because Plaintiff was aware of all information he needed to make his claims as of the date he was acquitted of the drug charges that, he alleges, were improperly filed against him at the time of his arrest.

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[3]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'".).

As noted earlier, the Defendant Officer Donald D. was never served in this case, and no attorney has entered an appearance on his behalf. Thus, he has not joined in the pending motion to dismiss. Nonetheless, as it has already been determined that Plaintiff's claims against Defendant Erie Police Chief, Officer Dacus, and City of Erie Police Dept., are barred by the applicable statute of limitations, the claims against Defendant Officer Donald D., which arise from the same events, should also be dismissed as untimely pursuant to the authority granted by the PLRA.

---

[3] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## III  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendants Erie Police Chief, Officer Dacus, and City of Erie Police Dept. [ECF No. 9] be granted.

It is further recommended that, pursuant to the authority granted to courts by the Prison Litigation Reform Act, Plaintiff's claims against Defendant Officer Donald D. be dismissed as untimely.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 15, 2011

cc: The Honorable Sean J. McLaughlin
United States District Judge